Melissa A. Salimbene
Ronald L. Israel
Wolff & Samson PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiff
JMWilliams, LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JMWILLIAMS LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>HANOVER VENTURES MARKETPLACE LLC, HPH RESTAURANT GROUP and JOHN AND JANE DOES 1-10 and XYZ CORPORATIONS 1-10,<br><br>          Defendants. | Case No.:  15-cv-1609-PGG<br><br><br>**COMPLAINT**<br><br><br>**Jury Trial Demanded** |

     Plaintiff JMWilliams LLC ("Plaintiff"), by and through its undersigned attorneys, for its complaint against the defendants, alleges as follows:

### NATURE OF ACTION

    1.    This is an action for service mark infringement, unfair competition and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 et seq. (hereinafter "Lanham Act") and the common law of the State of New York.  Specifically, in blatant violation of Plaintiff's rights to its BUVETTE GASTROTHÉQUE and BUVETTE names and service marks which are used for restaurant and wine bar services at Plaintiff's popular restaurant by the same names, Defendants are using the name and mark "Buvette Wine Bar" for restaurant and wine bar services just two miles away

5115605.3

from Plaintiff's restaurant.  Such use has already caused confusion and will continue to cause confusion as to the source of Defendants' services, and Defendants' knowing use of the confusingly similar name and mark constitutes unfair competition against Plaintiff.

## THE PARTIES

2.     Plaintiff JMWilliams LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 42 Grove Street, New York, New York, 10014.  Plaintiff is owned by renowned chef Jody Williams ("Williams"), and through Plaintiff, Williams is the owner and operator of the popular restaurant BUVETTE GASTROTHÉQUE which is also located at 42 Grove Street, New York, New York, 10014.

3.     Upon information and belief, defendant Hanover Ventures Marketplace LLC ("Hanover") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 93 Pearl Street, 3rd Floor, New York, New York, 10004.

4.     Upon information and belief, defendant HPH Restaurant Group ("HPH") is a New York company with its principal place of business located at 93 Pearl Street, New York, New York, 10004. (Hanover and HPH are collectively referred to herein as "Defendants").

5.     Upon information and belief, Defendants are the owners and operators of *Le District* marketplace at Brookfield Place located in Battery Park City at 200 Vesey Street, New York, New York 10281 (Brookfield Place was originally known as the World Financial Center).  Defendants are also the owners and operators of "Buvette Wine Bar" which is located within *Le District* and infringes upon and unfairly competes with Plaintiff's registered service mark BUVETTE GASTROTHÉQUE.

2

6.      Upon information and belief, John and Jane Does 1-10 and XYZ Corporations 1-10 are presently unidentified individuals and/or entities that are involved with the operation of the "Buvette Wine Bar" at *Le District*.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the trademark and service mark laws of the United States.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of New York.

8.      This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district, and (ii) each party is located within and does business in this judicial district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise in this judicial district, each party does business in this judicial district, witnesses and evidence are located within this judicial district, and the acts complained of herein have taken place in this judicial district.

## PLAINTIFF'S BUVETTE GASTROTHÉQUE SERVICE MARK

10.      Plaintiff is the owner and operator of the popular and well-known restaurant BUVETTE GASTROTHÉQUE which is located in the West Village neighborhood of Manhattan.

11.      Plaintiff is also the owner of United States Trademark Registration No. 4,593,601 for its BUVETTE GASTROTHÉQUE mark in International Class for 43 for restaurant services featuring upscale cuisine and excluding roadside cafe services.  (A Printout from the United States Patent and Trademark Office's Online Database of Plaintiff's registration is attached hereto as **Exhibit A**).

3

5115605.3

12.     Plaintiff has continued to use its well-known BUVETTE GASTROTHÉQUE mark in connection with its restaurant since opening its restaurant in early 2011.

13.     In addition to Plaintiff's BUVETTE GASTROTHÉQUE name and service mark, Plaintiff's restaurant is often referred to by Plaintiff, consumers, the media and the general public as simply "BUVETTE."  For example, the website for Plaintiff's restaurant is www.ilovebuvette.com and can also be accessed via www.buvette.com.  In addition, Plaintiff's restaurant is often referred to as "BUVETTE" on third party websites and publications, including but not limited to *Travel and Leisure*, *New York Magazine, the New York Times, the Village Voice, Yelp, Menupages.com, Foursquare.com, Tripadvisor.com* and *Zagat*.

14.     Plaintiff's BUVETTE GASTROTHÉQUE restaurant is tremendously popular, and both the restaurant and chef Jody Williams (who owns and operates the restaurant through Plaintiff) have received substantial critical acclaim and media attention since opening in 2011.

15.     For example, BUVETTE GASTROTHÉQUE was voted as one of New York's "Top 10 Restaurants" by *Travel and Leisure* in 2012 and was voted "Best West Village Wine Bar" by the *Village Voice* in 2011. Williams and BUVETTE GASTROTHÉQUE have been nominated for the highly prestigious 2015 James Beard Foundation award, and are currently semi-finalists in the category of "Best Chef, NYC."   Williams and BUVETTE GASTROTHÉQUE have also received rave reviews in such publications as *The New York Times, Martha Stewart Living, Travel and Leisure, Gourmet, Glamour, AM New York, The New Yorker, Wall Street Journal, New York Magazine, The Village Voice, Time Out New York,* and *Grub Street*, among others.

16.     Williams has made a number of television appearances, including appearing multiple times on *The Martha Stewart Show* and serving as a judge on several episodes of the Food Network's competition series show *Chopped*.

5115605.3

17.     Williams has also co-authored the popular cookbook *Buvette: The Pleasure of Good Food*, that contains a Forward authored by celebrity chef Mario Batali.

18.     Plaintiff has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its restaurant and wine bar services provided under its BUVETTE GASTROTHÉQUE and BUVETTE names and marks.

19.     As a result of Plaintiff's extensive use of its BUVETTE GASTROTHÉQUE and BUVETTE names and marks and Plaintiff's substantial advertising, marketing and promotional efforts, its BUVETTE GASTROTHÉQUE and BUVETTE names and marks have developed and acquired substantial consumer recognition and goodwill, have come to be widely recognized by the public as identifying Plaintiff's restaurant and services, and have become important source indicators which identify the high quality restaurant and wine bar services provided by Plaintiff.

20.     For all of the foregoing reasons, the BUVETTE GASTROTHÉQUE and BUVETTE names and marks are exceedingly valuable assets of Plaintiff.

**DEFENDANTS' INFRINGEMENT**

21.     Upon information and belief, in or about 2014, and long subsequent to Plaintiff's substantial use of its BUVETTE GASTROTHÉQUE and BUVETTE names and marks, and subsequent to Plaintiff's BUVETTE GASTROTHÉQUE and BUVETTE names and marks acquiring public recognition as identifying and distinguishing Plaintiff's restaurant and wine bar services from those of others, Defendants began promoting and marketing its intended use of the confusingly similar name and mark "Buvette Wine Bar" in connection with its French themed marketplace and restaurant space *Le District*.

22.     Specifically, upon information and belief, in 2014, Brookfield Office Properties, Inc. ("Brookfield Office"), the owner and operator of Brookfield Place in Battery Park City,

5115605.3

announced plans to open a large, 25,000 square-foot French marketplace and an assortment of six notable restaurants at Brookfield Place in the Spring 2015, which marketplace and restaurants will collectively be called *Le District*.

23. Upon information and belief, Brookfield Office leases to defendant Hanover the portion of Brookfield Place where *Le District* and the infringing "Buvette Wine Bar" will be operated.

24. Defendants, the owners and operators of *Le District*, issued a press release stating that *Le District* will be a "French-inspired culinary destination" consisting of four districts:

> Café District - indulge in delicious treats from the chocolaterie and patisserie as well as macaron, glacée, café and thé shops;
>
> Market District – taste savory delights at the boulangerie, fromagerie, charcuterie, rotisserie, boucherie, poissonerie and relax with a glass of wine at the **buvette wine bar**;
>
> Garden District – quick and easy shopping at a flower shop, wine store, juice bar, coffee station and prepared foods bar;
>
> Restaurant District – offering casual, fine and private dining options alongside innovative bar concepts including an absinthe bar/patio, restaurant with grand outdoor dining terraces and chef's table concept.

(Emphasis added).

25. Upon information and belief *Le District* is not open for business yet and is scheduled to open in the Spring of 2015, with the first section, the "Restaurant District" scheduled to open in late March 2015.

26. As noted in the press release quoted above, included within the "Market District" of *Le District* will be "Buvette Wine Bar" indicating that Defendants are using or will be using the name and mark "Buvette Wine Bar" in connection with restaurant and wine bar services.

6

27.   Defendants' services to be provided under the name and mark "Buvette Wine Bar" are closely related to Plaintiff's services and are directed towards the same class of consumers.   Notably, both Plaintiff's BUVETTE GASTROTHÉQUE restaurant and Defendants' "Buvette Wine Bar" are located on the lower west side of Manhattan about two miles apart from each other.   Accordingly, Plaintiff and Defendants are unquestionably in competition with respect to their restaurant and wine bar services.

28.   Defendants' use of the name and mark "Buvette Wine Bar" is so similar to Plaintiff's BUVETTE GASTROTHÉQUE and BUVETTE names and marks that it is likely to cause confusion, mistake or deception as to the source or origin of Defendants' restaurant and wine bar services in that the public is likely to believe that Defendants' "Buvette Wine Bar" and services are provided, sponsored, approved or licensed by or otherwise affiliated with or legitimately connected to Plaintiff, which they are not.

29.   In fact, Defendants' use of the confusingly similar name and mark "Buvette Wine Bar" in connection with its providing similar services in close geographic proximity to Plaintiff's restaurant (about two miles apart) has already created confusion as to the source of Defendants' services at "Buvette Wine Bar."   Specifically, after Defendants announced their plans to open "Buvette Wine Bar" at *Le District*, an Associate Editor from the publication *Eater NY* (www.ny.eater.com) emailed Plaintiff's restaurant stating "I was looking at this newly-released plan for Le District, the restaurant/market being built at Brookfield Place in Battery Park City, and noticed that one of the sections of the market is listed as 'Buvette Wine Bar'. Does this have any connection to you?   Are you opening a second location at Le District?"

5115605.3

30.     Thereafter *Eater NY* published an article about *Le District* and, clearly aware of the confusion the inclusion of "Buvette Wine Bar" would cause among the public, noted in the article that *Le District* "will include a space for 'Buvette Wine Bar,' but Jody Williams confirms this is not related to her Buvette in the West Village."

31.     Defendants' use of the infringing name and mark "Buvette Wine Bar" has already caused, and will continue to cause, confusion, mistake and deception among the public as to the existence of an association, connection and relationship between Plaintiff and Defendants, and the public will undoubtedly continue to believe that Defendants' restaurant and wine bar services provided under the name and mark "Buvette Wine Bar" are connected to or are one and the same with Plaintiff's restaurant and wine bar services, which they are not.

32.     The acts of Defendants complained of hereinabove are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

## PLAINTIFF'S NOTICE TO DEFENDANTS

33.     Immediately after discovering that Defendants were using, or planning to use, the "Buvette Wine Bar" name and mark in *Le District* at Brookfield Place, Plaintiff sent Brookfield Office a cease and desist letter dated June 27, 2014 explaining Plaintiff's concern that based upon the goodwill associated with Plaintiff's restaurant and its BUVETTE GASTROTHÉQUE and BUVETTE names and marks, and due to the close geographic proximity of Plaintiff's BUVETTE GASTROTHÉQUE restaurant and the "Buvette Wine Bar," that the use of the name "Buvette Wine Bar" will result in customer confusion. Accordingly, Plaintiff requested that Defendants cease and desist from any and all use of the mark "Buvette Wine Bar" in connection with *Le District*.

34.     In the cease and desist letter, Plaintiff also noted that based upon the generic French words Defendants planned to use for all the other service areas within the "Market District" of *Le District* where "Buvette Wine Bar" will be located (*Boulangerie, Fromagerie, Charcuterie, Rotiserrie, Boucherie* and *Poissonerie*) it would be more consistent to use "Bar a Vin" or simply "Wine Bar" as the name for Defendants' wine bar.

35.     In other words, upon information and belief, other than "Buvette Wine Bar" all the other service areas in the Market District are named with the French descriptive word for what each service area actually is and for the services and goods it will provide:

- *Boulangerie*, which is French for "bakery," will be a bakery and sell baked goods.

- *Fromagerie*, which is French for a cheese shop, will offer cheese products.

- *Charcuterie,* which in French refers to a deli or shop specializing in cured meat, will be just that.

- *Rotiserrie*, which is French for a cooked meat counter or a shop selling cooked meat, will offer cooked meats.

- *Boucherie*, which is French for a butcher shop, will be a butcher shop.

- *Poissonerie*, which in French refers to be a fishmonger's shop, will offer seafood.

36.     The word "*buvette*" in French refers to a roadside café, refreshment bar, coffee stall or snack stand.  Thus, unlike every other service area within the Market District, only "Buvette Wine Bar" is not named for the literal descriptive word in French that describes the services and goods provided because it will be a wine bar and not a roadside café, refreshment bar, coffee stall or snack stand.  Also, "buvette" precedes "wine bar" in the name, as compared

5115605.3

to all of the other stands which are comprised of a single generic word, because "buvette" does not mean "wine bar" which is why Defendants had to add "Wine Bar" to the name. This was not done with the other service areas because it would have been redundant to name them "Boulangerie Bakery" or "Fromagerie Cheese Shop" for example.

37.    Thus, in the cease and desist letter, Plaintiff pointed out that to conform to the descriptive French names for all the other service areas in the Market District of *Le District*, the wine bar should be named the French term for a wine bar which is "*bar à vin.*"

38.    In response to Plaintiff's cease and desist letter, Brookfield Office stated that its tenant, defendant Hanover, is the party operating *Le District* and that they forwarded a copy of Plaintiff's cease and desist letter to Hanover.

39.    Thereafter Plaintiff's counsel engaged in discussions with Hanover's counsel; however, Defendants refused to comply with the demands set forth in Plaintiff's aforementioned cease and desist letter.

40.    Upon information and belief, Defendants are continuing to utilize, or plan to utilize, the name "Buvette Wine Bar" in connection with *Le District* and are continuing to promote and market the "Buvette Wine Bar."

## COUNT I

### TRADEMARK INFRINGEMENT
### UNDER THE LANHAM ACT

41.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

42.    Defendants, through their conduct described above, are providing in interstate commerce services under a mark that is a colorable imitation of Plaintiff's registered BUVETTE GASTROTHÉQUE service mark and BUVETTE name and mark, which is likely

5115605.3

Case 1:15-cv-01609-PGG   Document 1   Filed 03/04/15   Page 11 of 16

to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1) (15 U.S.C. § 1114(1)).

43.   Upon information and belief, Defendants have committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its BUVETTE GASTROTHÉQUE service mark and BUVETTE name and mark.

44.   As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

45.   Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

46.   Defendants, through their conduct as described above, are providing services under a colorable imitation of Plaintiff's protectable BUVETTE GASTROTHÉQUE and BUVETTE names and marks, which is likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

47.   Defendants have committed such acts of false designation of origin and false description and representation willfully and with full knowledge of Plaintiff's prior use of, and rights in, its BUVETTE GASTROTHÉQUE and BUVETTE names and marks.

48.   As a result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

49.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

50.     Defendants' aforesaid acts constitute infringement of Plaintiff's rights in its BUVETTE GASTROTHÉQUE and BUVETTE names and marks and tend to falsely describe or represent that Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff and are of the same character, nature and quality as the restaurant and wine bar services of Plaintiff, thereby damaging Plaintiff and Plaintiff's reputation.

51.     Defendants' acts complained of hereinabove constitute acts of unfair competition against Plaintiff under the common law of the State of New York, which acts have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

52.     By reason of the aforesaid acts, Defendants have caused damage to Plaintiff and to the goodwill associated with Plaintiff's mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants as follows:

1.     That Defendants, and their members, officers, agents, servants, distributors, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendants, and each of them, be permanently enjoined and restrained from, directly or indirectly:

(a)     Using the identical name and mark "Buvette Wine Bar," or any other

12

5115605.3

marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale of mozzarella cheese products or other food products;

(b)  Using in any other way any other marks or designations so similar to Plaintiff's aforesaid BUVETTE GASTROTHÉQUE and BUVETTE names and marks as to be likely to cause confusion, mistake or deception;

(c)  Falsely designating the origin, sponsorship, or affiliation of the Defendants' services in any manner;

(d)  Otherwise competing unfairly with Plaintiff in any manner;

(e)  Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

(f)  Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto; and

(g)  Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

2.  That Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

3.  That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the unlawful activities alleged herein.

5115605.3

4.     That Defendants be required to deliver for destruction all stationary, signs, advertisements, promotional flyers, cards, brochures, menus, promotional materials, packaging, labels and any other written materials which bear the trademark "Buvette Wine Bar" or "Buvette" together with all plates, molds, matrices and other means and materials for making or reproducing the same.

5.     That Defendants be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorney's fees and the costs of this action.

6.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

> WOLFF & SAMSON, PC
> 140 Broadway, 46th Floor
> New York, NY 10005
> 973-325-1500
> Attorneys for Plaintiff
> JMWilliams, LLC.

By _____
MELISSA A. SALIMBENE

Dated: March 3, 2015
         New York, New York

5115605.3

# EXHIBIT A

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Mar 2 03:22:31 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start   List At: [          ] OR  Jump  to record: [          ]   **Record 1 out of 4**

TSDR   ASSIGN Status   TTAB Status   ( *Use the "Back" button of the Internet Browser to return to TESS*)

## BUVETTE GASTROTHÈQUE

| | |
|---|---|
| **Word Mark** | **BUVETTE** GASTROTHÈQUE |
| **Translations** | The English translation of the word "**BUVETTE**" in the mark is "roadside cafe". The wording "GASTROTHÈQUE" has no meaning in a foreign language. |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services featuring upscale cuisine and excluding roadside cafe services. FIRST USE: 20110121. FIRST USE IN COMMERCE: 20110121 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85799354 |
| **Filing Date** | December 11, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 21, 2014 |
| **Registration Number** | 4593601 |
| **Registration Date** | August 26, 2014 |
| **Owner** | (REGISTRANT) JMWilliams LLC LIMITED LIABILITY COMPANY NEW YORK 85 Barrow St., Apt. 10 New York NEW YORK 10014 |
| **Attorney of Record** | Peter Nussbaum |
| **Prior Registrations** | 3996324 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |